# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| VELVIE DOMINGUEZ, | ) | CASE NO. 1:16-cv-2769 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER** |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' joint motion for an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,628.07. (Doc. No. 24 ["Mot."].) For the reasons that follow, the motion is granted.

**A. Background**

Plaintiff Velvie Dominguez ("Dominguez") filed this action on November 14, 2016, seeking review of the Commissioner of Social Security's ("Commissioner") decision denying her application for Social Security disability benefits for lack of disability. (Doc. No. 1.) The Court adopted the recommendation of the magistrate judge (to which the Commissioner did not object) that the Commissioner's decision be vacated and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 20, 21, 22, 23.)

According to the motion, the parties' agreement represents a compromise and settlement of disputed positions, and fully satisfies all of Dominguez's fees, costs, and expenses under 28 U.S.C. § 2412. (Mot. at 1355.[1]) The motion acknowledges that the award of fees and costs is

---
[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

subject to offset by any outstanding federal debt owed by Dominguez pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 117 L.Ed.2d 91 (2010). (*Id.*) The parties further agree that, to the extent the award is not subject to offset by pre-existing debts to the United States, the Commissioner will direct that the award be made payable to Dominguez's counsel pursuant to the attorney fee assignment between plaintiff and her counsel. (*Id.* at 1355-56.)

**B. Discussion**

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 553-54 (6th Cir. 2004). The Commissioner does not contend that the government's position was substantially justified,[2] and there is no dispute that plaintiff is the "prevailing party" under the EAJA.[3]

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). Documentation submitted by the parties in support of the motion shows 29.9 hours of legal services were performed by counsel between November 3, 2016 and February 1, 2018, including the typical legal services of preparing the complaint, reviewing the administrative record, communication and correspondence, research and briefing, reviewing court orders, and the like. (Doc. No. 24-1.) The Court finds that both the nature of the legal services and the number of hours expended to be reasonable in this case.

---

[2] It is the government's burden under the EAJA to show that its position denying benefits was substantially justified. *Wilson v. Astrue*, No. 2:10-CV-463, 2011 WL 3664468, at *1 (S.D. Ohio Aug. 19, 2011) (citations omitted).

[3] "Prevailing party" status is achieved within the meaning of the statute when a plaintiff succeeds in securing a sentence four remand order. *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

Dividing the number of hours expended into the stipulated fee award results in an hourly rate of $188.23. The EAJA provides that the amount of an attorney fee award shall be based on prevailing market rates, but shall not exceed $125.00 per hour unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Although not required, the statutory hourly rate is commonly adjusted to account for cost of living increases since 1996—the year when rate of $125.00 was established. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n. 4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee.'") (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)); *see also Hutchinson v. Colvin*, No. 1:15–cv–1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost of living increase).

The appropriate measure of inflation in this geographic area is the "Midwest Urban" CPI.[4] *Crenshaw v. Commissioner of Social Security*, No. 1:13CV1845, 2014 WL 4388154 at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases). The Court finds that an hourly rate of $188.23, considering adjustments for cost of living increases since the enactment of the EAJA, is both supportable and reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *see also Perkins v. Colvin*, No. 1:14CV2213, 2016 WL 2927989, at *2 (N.D. Ohio Apr. 22, 2016), *report and recommendation adopted,* No. 1:14 CV 2213, 2016 WL 2829864 (N.D. Ohio May 13, 2016) (EAJA fees ranging from $175.00 to $184.25 found to be reasonable) (collecting cases).

---

[4] CPI is the acronym for Consumer Price Index. The Midwest Urban CPI may be found on the website of the Bureau of Labor Statistics (http://www.bls.gov).

Finally, the Court is not aware of any special circumstances that would make an attorney fee award in this case unjust. Accordingly, the Court awards to Dominguez attorney fees and costs in the amount of $5,628.07.

As the parties acknowledge, EAJA attorney fees are subject to offset to satisfy any pre-existing federal debt owed by Dominguez. Within 30 days from the date of this Order, counsel shall verify whether Dominguez owes a pre-existing debt to the government, and any such debt will be offset against the EAJA award granted herein. The Commissioner will direct that any award be made payable to the plaintiff's attorney pursuant to the attorney fee assignment between them (*see* Doc. No. 24-2), and will direct the Treasury Department to mail any check to the business address of plaintiff's counsel.

**C. Conclusion**

For all of the foregoing reasons, the parties' joint motion for an award of EAJA attorney fees and costs pursuant to 28 U.S.C. § 2412 in the amount of $5,628.07 is granted. This amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: February 14, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**